**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Stanley Joseph SQUETIMKIN,**
**Defendant—Appellant.**

**No. 05–30198.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 4, 2006.

Jared C. Kimball, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Christina L. Hunt, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Stanley Joseph Squetimkin appeals from his 78–month sentence for sexual abuse of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

a minor in violation of 18 U.S.C. §§ 2243(a), 2246(2)(A) and (C), and 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Squetimkin contends that the district court erred in imposing a two-level adjustment for a vulnerable victim pursuant to U.S.S.G. § 3A1.1(b), and therefore the resultant sentence was necessarily unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We conclude that the district court correctly applied the vulnerable victim adjustment based upon the uncontested facts in the Presentence Report and the Plea Agreement indicating that the victim had been sleeping at the time the abuse commenced. *See United States v. Wetchie,* 207 F.3d 632, 636 (9th Cir.2000) ("district court correctly applied the vulnerable victim adjustment based on the fact that [defendant's] victim was asleep"). Accordingly, there was no "material error by the district court in calculating the applicable Guidelines range," and because Squetimkin "d[oes] not raise any general reasonableness challenges ... we do not reach the second step of the analysis, which would otherwise require a determination of whether [Squetimkin's sentence is] reasonable in light of § 3553(a)." *United States v. Cantrell,* 433 F.3d 1269, 1280–81 (9th Cir.2006).

**AFFIRMED.**